Mr. Wallenstein, I see you reserved one minute for rebuttal. You can begin whenever you're ready. Yes, Your Honor. Thank you. John Wallenstein, on behalf of Alejandro Rivera, I know that the court has, earlier this morning, heard the arguments with respect to Taylor and 4B1.2, so I don't think I'm going to beat that horse. The point is raised. This is right. In your case, it's actually a harder argument because by the time of the sentencing here, the application note language had been moved to the guideline. I'm aware of that. Also, you have to wait. They argued that it's precluded by the agreement as well, right? I'm sorry, Judge, I can't hear you. Your client waived the right to appeal any component of the sentence which falls within the range of 77 to 96 months, so that's a problem too, right? It is a problem, but I think that what happened here is Mr. Rivera made a bargain, and the bargain he arranged for was a sentence of no more than 96 months or the ability to come before this court, and he didn't get 96 months. He got 116 months by virtue of Judge Gerasi running his sentence consecutively to the parole sentence. That's not, yeah. First of all, if you look at the judgment of the court, it was not 100. Had you calculated it? 116, 20 plus- That's not what the judgment of the court was, and the judgment of the court was not that it would run consecutive to the parole, and in fact, I was going to ask you about this. Your client had served the time already, right? He had. I think you know that you can't run a sentence consecutive to a sentence that's already been served. That's impossible. Well- Concurrent. I mean, concurrent. I'm sorry. Concurrent, thank you. Concurrent to a sentence that's already been served. At the time, I believe that- Or consecutive, for that matter. But in here, we're talking about concurrent, but go ahead. We are, and- How can you do that? I think that he could have considered the 20 months, and he specifically said, I'm running it consecutively. Judge Gerasi said that at the sentencing hearing. He said, I'm running this consecutively to- And the government asked for it. When you get a rebuttal, I want you to point me where, because I remember what he said was, I'm not running a- To the extent you're asking me to run a concurrent, I'm not doing that. But that was only in response to an argument. But there was nothing to run a concurrent or consecutive. But the point you were making is the correct point, which is certainly under the 3553A factors, even if it has been served already, a court can reduce the sentence in reflection of the fact that if under the 3553A factors he or she feels it's warranted, that he or she has served time on a parole violation that was somehow related or provided sufficient deterrence. It was absolutely related because the arrest for the parole violation occurred after he fired the gun in the Rochester train station and got arrested for this. That's not related for guidelines purposes. No. But 3553A. But he did. He understood that, and he explained exactly why. He actually said I would have been a higher sentence, but I'm taking into account the fact that you've served time on the parole violation. So he understood his ability to do that, is my point. I think he did, but the argument I'm making is that the 20 months that Rivera served while awaiting the disposition of this case was for the same conduct, for the firing of the gun in Rochester. But it wasn't for the same conduct, right? When parole is revoked, you're in prison because of the original offense, not because of the parole violation itself, right? I think technically you're right, Judge Menachie. Technically, I mean, that's just right. That's why he's in jail. But as a matter of reasonableness and applying 3553A, he got locked up because he was firing the gun. So he went back to jail to serve the balance of the original sentence. He was arrested on a controlled substance offense, and he was given a sentence, and then he said, okay, we're going to let you out of jail on parole as long as you behave yourself. But if you don't, we're going to put you back in jail for the controlled substance offense for a longer term. And he didn't behave on parole, and so he went back to jail for the controlled substance offense, right? Right, but the reason that he went back to jail was that he didn't behave, and the misbehavior was the firing of the gun. It's all connected. But why can't a judge say that the 20 months is not enough given that this involved his criminal history, discharged a pistol in the stairway of an Amtrak station, fired it again, fired it a third time towards a security guard? This is the basis of the court's decision, that he needed additional deterrence at this level beyond the 20 months that he served on the parole. We have to find that that's shockingly high given this record. Why is that shockingly high, and why did that type of conduct? Well, I think that because, among other things, this gets back to the 4B1.2 argument, and I know my time is done. Because Judge Gerasi did not properly determine that New York attempted robbery was a crime of violence. He did it by specifically saying he punched somebody in the face, that's a crime of violence. He ignored the categorical approach argument, which was, in fact, made by counsel. Okay, but in the last case we heard just now, the main argument was the reason why the attempt crime doesn't qualify as a crime of violence is because the in co-ed offenses is only in the application note and the guideline is clear enough. So once the sentencing commission moves the in co-ed part of the definition into the guideline itself, what's your remaining argument for why it doesn't qualify as a crime of violence? Well, I think under New York law it's not an element of robbery. So you can attempt it by not using any form of violence. But can you complete robbery without using force or threatening force? No. So if you can't complete robbery without using force or threatening force, then that meets the elements part of the definition. And then it says it's also the crime of violence is also any attempt to commit one of those crimes. So he attempted to commit a crime, the completion of which requires the use or threatened use of force, right? But I think that Taylor trumps that. And under Taylor I think that New York robbery, an attempt to commit New York robbery, can be committed at its base by simply driving up in front of the bank with a gun in your pocket. But so what? I mean you're talking about the analysis that would occur under 924C, right, where you only have an elements clause. But the guidelines don't just have an elements clause. They say any crime that meets the elements clause or any attempt to commit such a crime. If 924C had that, then we wouldn't be doing the categorical approach for attempt crimes. We'd just say if it's an attempt to do something in the completed offense of which is a categorical crime of violence, it automatically qualifies. I understand your point. All right. Thank you. Thank you. The page I was looking at on this issue, whether he said I'm posing consecutive sentences, 891. I don't know if you have the appendix with you. But he says to the extent you're arguing for any type of concurrent state sentence from the state period, I've declined to do it. So that was what I was understanding. But in any event, go ahead, Ms. Lee. Good morning, Your Honors. May it please the Court. My name is Tiffany Lee, and I represent the United States just on the appeal. Your Honors are correct insofar as there's been questioning of my opponent with respect to the terms of the plea agreement. Here it was a stipulated sentence. So the district court, Judge Geraci, had the option to reject the plea agreement. And despite, you know, despite the fact that this plea agreement was crafted without the consideration of the guidelines and enhancement for the career offender provision. So ultimately, Mr. Rivera here got a great bargain. He wanted a sentence that was within the range of 96 to 77 months. He got the higher end of that sentence. And that is precisely what he anticipated when he agreed to enter into the plea agreement with the government. But on the second issue, that wasn't part of the waiver. In other words, he could argue for concurrent time or a reduction of his sentence because of the time he served on parole. Absolutely, and that's why the government does not say that the waiver covers. All right, so what's your response on that? Wait, you're saying the waiver doesn't cover that challenge? It does not cover that challenge. The government acknowledges that where a defendant is serving a prior term of imprisonment at the time of sentencing, if the plea agreement and the appeal waiver are silent as to whether the sentence is to be imposed concurrent with or consecutive to the prior term of imprisonment, that an appeal might not be barred by the appeal waiver. Correct. Because you say it might not be barred. It's going to be conditional. But so you think that it's just not barred? It might not be barred because of the fact that it depends on what the circumstances are. In Stearns, we said our case law makes clear that although a defendant explicitly waived his right to appeal the length of the sentence, he did not waive the right to appeal the decision to impose that sentence partially concurrently with his state sentence. Absolutely. But the waiver in that case talked about a challenge to any sentence, and here we have any component of the sentence. Does that make a difference? The fact remains, though, is that we know that in our office we do have language that we would utilize in the case of an undischarged term of imprisonment. That language was not used. And so therefore— So what would it have said? It would have said that we waived any challenge with respect to whether or not the sentence was imposed partially concurrently, concurrently, consecutively, or partially— So whether it's concurrent or consecutive, you don't think that that is a component of the sentence? Just for purposes of on a case-by-case basis, we certainly have not asserted that I'm aware of when there's an appeal of our waiver language. We have not really asserted how the sentence has been imposed as being a component of the sentence. Really? So you don't think that when the district court decided to do it consecutive as opposed to concurrent, it wasn't deciding on a component of the sentence? What was he deciding on? The district court here did not impose the sentence to run consecutively. In this instance, he denied counsel's request for partial concurrence. And her request specifically was that the federal sentence be counted on the date that the federal detainer was lodged against Mr. Farrar. Well, there were two arguments. That was one of them. But there was this argument, which we haven't ever directly addressed, which is that it should run concurrent to the term of parole, the remaining term of parole, that even though he's not incarcerated, he still is on parole, and that that should be how you should run it concurrent to— Correct. But that was also argued—there were two arguments. The one you identified, which is the date at which the detainer took effect, right? Correct. And therefore, at the time before the trial court, our trial attorney noted that, first of all, the term of imprisonment had been discharged, that even if the district court were to consider running it partially concurrent with whatever, the term of parole, that that application should be denied nonetheless, given Mr. Rivera's history and his history of violating parole. You talked about his language about the appeal waiver. So if it's not an undischarged term of imprisonment on a state sentence, let's say he just pleads guilty to two different federal crimes, and there's a question as to whether the sentence for each of them should run concurrent or consecutive. If he waives the right to challenge any component of a sentence, he'd still get to challenge the district court's determination as to whether it should be consecutive or concurrent? I think our appeal waiver is very specific to the extent that if we are going to be invoking the 5G1.3 undischarged term of imprisonment, then we would like specific wording in the plea agreement. I understand. I'm just kind of getting it. But you're saying when the question is whether you have two different federal convictions, and there's a question as to whether they should be consecutive or concurrent, your position would be that is a component of the sentence and would be barred by the appeal waiver. Is that right? I don't know if we would necessarily say that. No, if it's in the same indictment, if a defendant gets convicted on ten counts and a judge runs them all— Consecutively. —currently or consecutively, your waivers deal with the total number—  —that the court imposes in the federal case. That always is how the waivers are done, right?  Correct. But this is a situation where we're talking about another sentence, an undischarged sentence imposed by another court, and you're saying unless the waiver specifically advised the defendant's waiving that, you don't enforce your general waiver in that situation. That's correct. All right. And you concede that here, you're not enforcing it. That's correct. All right. And so the sole question before this court is whether the district court exercised its discretion appropriately in denying counsel's application for—to have the sentence run partially concurrently. And based on this record, it's the government's position that the district court appropriately exercised its discretion in this regard. All right. Thank you. Thank you. Mr. Malmsteen, you have one minute in rebuttal. Just one point, since you've addressed the waiver issue. I think that the key is that on 3553A, that Judge Gerasi's sentence was substantively unreasonable because Mr. Rivera effectively got a 116-month sentence for the conduct for which he bargained for a 96-month sentence by virtue of the fact that Judge Gerasi imposed this sentence to run consecutively to that parole violation sentence. And I think that that's 20 months more than he should have gotten. And this court should send it back. All right. Thank you. Thank you. We'll reserve decision and have a good day.